# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ABDUL ABBAS AL-SHIMARY,

      Petitioner,

v.

CINDI CURTIN,

      Respondent,

_____/

Civil No. 2:12-CV-11126
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS AND (2) A CERTIFICATE OF APPEALABILITY

Abdul Abbas Al-Shimary, ("Petitioner"), confined at the Oaks Correctional Facility in Manistee, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, through counsel Joan Ellerbusch Morgan, in which he challenges his conviction for first-degree home invasion, Mich. Comp. Laws § 750.110a(2); assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; felonious assault, Mich. Comp. Laws § 750.82; possession of a firearm in the commission of a felony [felony-firearm], Mich. Comp. Laws § 750.227b; and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. For the reasons that follow, the petition for writ of habeas corpus is DENIED. [1]

---

[1]  When petitioner's counsel filed the petition for writ of habeas corpus, she correctly identified as the respondent Cindi Curtin, the warden of the Oaks Correctional Facility. The clerk of the Court inadvertently captioned the case as "Abdul Al-Shimary v. Kenneth McKee." The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Because Cindi Curtin is the warden of the Oaks Correctional Facility, petitioner's current place of incarceration, the Court substitutes her as the proper respondent in the caption.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court, in which he was tried jointly with his brothers and co-defendants Naif Al-Shimary, Mansour Al-Shimary, and Naser Al-Shimary. [2] This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendants, who are brothers, were convicted of breaking into the house of their brother-in-law, Habib Marzok, and then violently assaulting Marzok. There was evidence of a prior dispute between the victim and defendants' father that allegedly led to the incident. The principal evidence at trial was the testimony of the victim and his two sons, Karar Marzok and Safaa Marzok, who were consistent in stating that the defendants broke into their home, that defendants Naif, Mansor, and Abdul had firearms, and that all four defendants assaulted the victim and fled.

*People v. Al-Shimary,* No. 293193, 2010 WL 5373826, at 1 (Mich.Ct.App. December 28, 2010).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 489 Mich. 935, 797 N.W.2d 629 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner's right to present a defense was violated where the trial court refused to permit defense counsel to introduce evidence that the complainant's son had tried to extort money from the defendants before trial, in exchange for dismissal of the criminal charges.

II. Where defense counsel did not investigate or present an alibi defense, the district court (sic) properly found that Mr. Al-Shimary was deprived of the effective assistance of counsel.

III. The evidence was insufficient to sustain Mr. Al-Shimary's convictions, in violation of his right to due process

---

[2] Petitioner's brothers are currently challenging their convictions in separate habeas petitions before this Court. *See Al-Shimary v. Prelesnik,* No. 11-15668 (E.D. Mich.); *Al-Shimary v. McKee,* 11-15675 (E.D. Mich.); *Al-Shimary v. Palmer,* 12-10001 (E.D. Mich.).

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions

be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state

courts know and follow the law." *Woodford,* 537 U.S. at 24.  Therefore, in order to obtain

habeas relief in federal court, a state prisoner is required to show that the state court's rejection

of his claim "was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement."

*Harrington,* 131 S. Ct. at 786-87.  Finally, in reviewing petitioner's claims, this Court must

remember that under the federal constitution, petitioner was "entitled to a fair trial but not a

perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

## III.  DISCUSSION

### A.  Claim # 1.  The right to present a defense claim.

Petitioner first claims that the trial judge denied him his constitutional right to present a

defense when he excluded evidence of an Internet posting that suggested that one of the

victim's sons, Safaa Marzok, had attempted to extort money from petitioner and his brothers by

offering to drop the criminal charges in exchange for $ 60,000.00.

Respondent argues that this claim is unexhausted because petitioner failed to raise this

claim in his direct appeal before the Michigan Court of Appeals.  Petitioner acknowledges that

he did not raise this claim on his own appeal but contends that the claim is exhausted because

his brothers raised this claim in their respective briefs in their joint appeal before the Michigan

Court of Appeals.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his

available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and

(c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective

Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates

dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts generally must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Petitioner's first claim is unexhausted because he did not personally raise this claim in his own appeal. There is no case authority to support petitioner's argument that his co-defendants' appeal of this issue "should be ascribed" to petitioner in order to satisfy the exhaustion requirement. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 748, n. 1 (E.D. Mich. 2004). The issues raised by petitioner involve constitutional privileges which are personal to him, therefore, an appeal by his co-defendants would be insufficient to exhaust his claim. *See Williams v. Nelson,* 431 F.2d 932, 933 (9th Cir. 1970)(Where questions raised by state prisoner, petitioning for habeas corpus, involved constitutional privileges which were personal to him, appeal by his co-defendant could not exhaust his remedies in the state courts).

However, a habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). A habeas petitioner's failure to exhaust his state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002); 28 U.S.C. § 2254(b)(1)(A)(c). Because petitioner's claim lacks merit, in the interests of efficiency and justice, the Court will address petitioner's claim, rather than dismiss the petition on exhaustion

6

grounds. *See Welch v. Burke*, 49 F. Supp. 2d at 998.

Petitioner's brother Naif Al-Shimary raised this claim in the brothers' joint appeal. In rejecting this claim, the Michigan Court of Appeals held that the trial judge did not deprive the defendants of their right to present a defense, because he did not prevent the co-defendants from presenting evidence that Safaa Marzok had attempted to extort money from them, but merely precluded admission of an Internet posting that could not be authenticated pursuant to M.R.E. 901. *Al-Shimary,* 2010 WL 5373826, Slip. Op. at 2:

> During the cross-examination of Safaa, defense counsel attempted to impeach Safaa's "sincerity" and give a reason for the charges by introducing a message on Safaa's page which was allegedly posted by Safaa. Outside the presence of the jury, defense counsel sought admission of a copy of a January 15, 2009 MySpace posting that "seems to be coming from a Safaa 09," which stated:
>
> > [T]ell ur grandpa give us 60,000$ and we'll drop the charges, that's how we will pay 4 damages he caused.
>
> After the prosecutor objected on the basis of foundation and authenticity, the trial court asked Safaa if he wrote the message. Safaa responded, "No, I didn't." The defense made no further offer of proof. The trial court excluded the document because there was no evidence to establish its authenticity. In this case, defendants were unable to authenticate the document under MRE 901(a). Further, contrary to what defendant Naif argues, the trial court did not preclude the defendants from otherwise presenting a defense that the charges were the product of an extortion attempt. It only precluded admission of a document that could not be authenticated. The court permitted defendants to ask Safaa if he ever requested money from anyone to drop the charges in this case, but he denied doing so. Accordingly, the trial court did not violate defendant Naif's constitutional right to present a defense. Nor did the trial court abuse its discretion in determining that the MySpace page had not been properly authenticated.

*Id.* at 2.

The Michigan Court of Appeals subsequently rejected the other two co-defendant's right to present a defense claim on the same basis. *Id.,* at 5, 8.

Just as an accused has the right to confront the prosecution's witnesses for the purpose

7

of challenging their testimony, he also has the right to present his own witnesses to establish a defense.  This right is a fundamental element of the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *See also Crane v. Kentucky,* 476 U.S. 683, 690 (1986)("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(internal citations omitted).  However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996).  The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689.  The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986).  Finally, rules that exclude evidence from criminal trials do not violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998)(quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

Moreover, under the standard of review for habeas cases as enunciated in 28 U.S.C. § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect.  Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See*

8

*Rockwell v. Yukins,* 341 F.3d 507, 511-12 (6th Cir. 2003).

In the present case, the trial judge did not prevent petitioner from presenting a defense that Safaa Marzok had attempted to extort money from him and his brothers.  Instead, the judge only precluded petitioner from introducing evidence of the Internet posting that purported to be from Safaa Marzok because Safaa denied making this posting and petitioner could not otherwise authenticate that this posting came from Safaa Marzok.  M.R.E. 901(a) requires that for a document to be admissible into evidence, the party seeking its admission must authenticate it with sufficient evidence to "support a finding that the document is what the proponent claims it to be." *People v. Howard*, 226 Mich. App 528, 553; 575 N.W. 2d 16 (1997).  The trial judge excluded the Internet posting from evidence because it could not be authenticated.  "The authentication requirement serves 'legitimate interests in the criminal trial process,' and is neither arbitrary nor disproportionate." *U.S. v. Almonte*, 956 F. 2d 27, 30 (2nd Cir. 1992)(citing *Rock*, 483 U.S. at 55-56).  Therefore, the trial judge's decision to exclude the Internet posting on the ground that it could not be authenticated did not violate petitioner's constitutional right to present a defense. *Id.*  Petitioner is not entitled to habeas relief on his first claim.

**B.  Claim # 2.  The ineffective assistance of counsel claim.**

Petitioner next contends that he was deprived of the effective assistance of counsel because his trial attorney failed to call alibi witnesses on his behalf.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*.  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more

latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664).  Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.*  This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 131 S. Ct. at 785.  "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

Petitioner has failed to provide this Court with the names of his proposed alibi witnesses nor has he specified what testimony that they would have provided had they been called to testify.  Petitioner has also failed to provide this Court with any affidavits from these witnesses concerning their proposed testimony and willingness to testify on the petitioner's behalf. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Petitioner also failed to provide any such evidence to the Michigan Court of Appeals concerning the identity of his alibi witnesses, their proposed testimony, or their willingness to testify.  By failing to present any evidence to the state courts in support of his ineffective assistance of claim, petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)).  Petitioner has failed to attach any offer of proof or any affidavits sworn by the proposed witnesses.  Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether his alleged alibi

11

witnesses would have been able to testify and what the content of these witnesses' testimony would have been.  In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F.3d 551, 557 (6th Cir. 2007).

The Court is aware that petitioner attached to his application for leave to appeal to the Michigan Supreme Court a document that purports to be a booking log from the Dearborn Heights Police Department and which allegedly shows that petitioner was arrested by that police agency at 2:10 a.m. on December 24, 2008, the morning of the incident. [3]  Assuming that this document is accurate, petitioner has nonetheless failed to show that this evidence would have exonerated him of the offenses in this case, so as to support his ineffective assistance of counsel claim for two reasons.

First, this booking log from the Dearborn Heights Police Department would not have provided petitioner with an air-tight alibi to the crime.  The victims in this case testified that the home invasion and assault took place at about 12:30 a.m. on December 24, 2008.  The Dearborn Heights Police Department document shows a "time in" of 02:10, almost 2 hours after the incident occurred.  Because there was a window of opportunity for petitioner to have committed this crime before his arrest by the Dearborn Heights Police, petitioner was not prejudiced by counsel's failure to present this alibi defense. *See e.g. Fargo v. Phillips,* 58 F. Appx. 603, 607-08 (6th Cir. 2003).  A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams,* 376 F.3d 520,

---

[3]   See Defendant's Application for Leave to Appeal, Exhibit D [This Court's Dkt. # 7-13].

527 (6th Cir. 2004)(internal quotation omitted). The failure to present a proposed alibi witness who would not lead to a defendant's acquittal does not amount to the ineffective assistance of counsel. *Id.* Because this evidence could not have provided an "air-tight" alibi defense, counsel was not ineffective for failing to present such evidence at petitioner's trial. *See Moore v. Parker*, 425 F.3d 250, 253-54 (6th Cir. 2005).

Secondly, petitioner was not prejudiced by counsel's failure to call alibi witnesses in light of the fact that the three victims in this case knew petitioner because he was their brother-in-law or uncle and positively identified him as their assailant. *See Cobble v. Smith*, 154 F. Appx. 447, 452-53 (6th Cir. 2005). Petitioner is not entitled to habeas relief on his second claim.

### C. Claim # 3. The sufficiency of evidence claim.

Petitioner lastly claims that there was insufficient evidence to establish his identity as one of the perpetrators of the crimes for which he was convicted.

The Michigan Court of Appeals rejected petitioner's claim:

> In this case, three eyewitnesses—the victim and his two sons, Safaa and Karar—positively identified defendant Abdul as the person with the rifle during the criminal episode. According to their testimony, defendant Abdul's face was entirely exposed during the offense. Safaa testified that the area was well lit, and there was nothing blocking his view of defendant Abdul. The record reveals that Safaa and Karar spoke to Abdul. Further, defendant Abdul was recognizable to the witnesses because he is the victim's brother-in-law, and Safaa and Karar's uncle. Karar stated that he had known the defendants all of his life.

*Al-Shimary*, 2010 WL 5373826, Slip. Op. at 6.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is,

"whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility

of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

In the present case, there was sufficient evidence to convict petitioner of the offenses charged in this case.  The victim and his two sons both positively identified petitioner as participating in the home invasion and the assault upon the victim.  The Court  notes that "the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction." *Brown v. Davis,* 752 F. 2d 1142, 1144 (6th Cir. 1985)(internal citations omitted).  Here, three witnesses, who were related to petitioner, unequivocally identified petitioner at trial as being involved in the home invasion and the assault.  This evidence was sufficient to support petitioner's conviction. *See Brown v. Burt,* 65 F. App'x. 939, 944 (6th Cir. 2003).

To the extent that petitioner claims that the evidence was insufficient because the witnesses were not credible, he would not be entitled to habeas relief.  Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002).  An assessment of the credibility of witnesses is therefore generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000).  The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*  To the extent that petitioner's insufficiency of evidence claim rests on an allegation of the witnesses' credibility, which is the province of the finder of fact, he would not be entitled to habeas relief on this claim. *See Tyler v. Mitchell,* 416 F.3d 500, 505 (6th Cir. 2005).

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must

15

make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To

demonstrate this denial, the applicant is required to show that reasonable jurists could debate

whether, or agree that, the petition should have been resolved in a different manner, or that the

issues presented were adequate to deserve encouragement to proceed further. *Slack v.*

*McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's

constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims to be debatable or wrong.

*Id.* at 484.   "The district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll.

§ 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of

appealability because reasonable jurists would not find this Court's assessment of petitioner's

claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

## IV.  CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas

corpus.  The Court further **DENIES** a certificate of appealability.

**SO ORDERED.**


s/Paul D. Borman                              
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


Dated:    June 26, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 26, 2013.

s/Deborah R. Tofil
Deborah R. Tofil